UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TONYA HOWARD and EBONY JOHNSON,

        Plaintiffs,

        v.

TATE LEGACY INC. and DARLENE TATE,

        Defendants.

No. 24 CV 7245

Judge Manish S. Shah

MEMORANDUM OPINION AND ORDER

Tonya Howard and Ebony Johnson worked as tax-return preparers for Darlene Tate and her business, Tate Legacy Incorporated. Tate nominally hired Howard and Johnson as independent contractors, compensating them for each return they prepared that resulted in a refund, but not giving them any of the protections afforded to employees by state and federal law. Howard and Johnson, believing they were employees, now sue Tate and Tate Legacy for violations of the Fair Labor Standards Act and Illinois employment law. Plaintiffs move for summary judgment. For the reasons discussed below, the motion is granted in part and denied in part.

## I.    Legal Standards

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party seeking summary judgment has the burden of establishing that there is no genuine dispute

as to any material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). When considering a motion for summary judgment, I view the facts and draw all inferences in the light most favorable to the nonmoving party. *Smith v. Kind*, 140 F.4th 359, 362, 364 (7th Cir. 2025). I do not need to grant all the relief requested by the motion and may enter an order treating any material fact as established in this case. Fed. R. Civ. P. 56(g).

## II.  Background

Darlene Tate owned and operated Tate Legacy Incorporated, a tax preparation business. [20] ¶ 1.[1] In 2019, Tate contracted with Tonya Howard and Ebony Johnson to assist with preparing tax returns for Tate Legacy clients. [17-1] ¶ 3; [17-2] ¶ 3; [20] ¶ 6. In that role, Howard and Johnson were paid a piece rate, ranging from $125 to $175 per refund, for each tax return they prepared that resulted in a refund to the client. [20] ¶ 8. Howard and Johnson were never paid hourly, and Tate kept no record of the hours they worked. [20] ¶ 12. Both plaintiffs were hired for ongoing work with no specified end date. [20] ¶ 10.

Tate Legacy's operating hours were Monday through Sunday, 8:00 a.m. to 6:00 p.m. [20] ¶ 13. Both Howard and Johnson claim to have worked during all of

---

[1] Bracketed numbers refer to entries on the district court docket. Referenced page numbers are taken from the CM/ECF header placed at the top of filings. The facts are largely taken from Tate's response to the motion for summary judgment, [20], where both plaintiffs' assertions and defendant's responses are set forth in one document. In Tate's response to this motion, she failed to cite or provide any evidence to support her contention of disputed issues of material fact. *See* [20]. Any asserted fact that is not controverted by reference to specific, admissible evidence is deemed admitted. N.D. Ill. Local R. 56.1(e)(3); *see Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 632 (7th Cir. 2009). I therefore accept the assertions in plaintiffs' 56.1 statement, [19], as undisputed.

2

Tate Legacy's business hours, but neither claims to have worked 70 hours per week. [20] ¶¶ 13–14. Howard approximates that she worked 20 hours of overtime per week, while Johnson approximates that she worked 10 hours of overtime per week. [17-1] ¶ 19; [17-2] ¶ 19. Their job responsibilities primarily consisted of inputting data into the tax preparation software used by Tate Legacy. [17-1] ¶ 9; [17-2] ¶ 9. Howard worked in her role until April 2022, when the relationship was terminated by Tate. [17-1] ¶¶ 3, 6. Johnson worked in her role until February 2020, when she terminated the relationship. [17-2] ¶¶ 3, 6.

In May 2022, following Howard's termination, plaintiffs filed a precursor suit to this one asserting the same claims. *See Howard et al. v. Tate et al.*, 22-cv-02817 (N.D. Ill.). That case settled in early 2024, but Tate allegedly did not comply with the terms of the settlement agreement. [1] ¶ 2. Plaintiffs then filed this second action in August of the same year. An order of default was entered against Tate Legacy because it was not represented by counsel. [11]; *Philos Techs., Inc. v. Philos & D, Inc.*, 645 F.3d 851, 858 (7th Cir. 2011) (quoting *Scandia Down Corp. v. Euroquilt, Inc.,* 772 F.2d 1423, 1427 (7th Cir.1985)) (a corporation "is legally incapable of appearing in court unless represented by counsel—'corporations must appear by counsel or not at all'").

## III. Analysis

### A. Minimum Wage

At some points in their filings, plaintiffs frame their complaint as alleging "violations of the minimum wage provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, the Illinois Minimum Wage law, 820 ILCS 105/1, *et seq.*, and

the Illinois Wage Payment and Collection Act, 820 ILCS 115/1, *et seq*."[2] [17] ¶ 1; *see also* [1] ¶ 58. But their motion for summary judgment does not include any evidence that they were compensated at below a minimum wage. To the extent their motion asks for summary judgment on the issue of failure to pay a minimum wage, the motion is denied.

### B. Timely Payment

Plaintiffs also alleged in their complaint that Tate violated the Illinois Wage Payment and Collection Act, 820 ILCS 115/1, *et seq*., by failing to pay earned wages within 13 days after the end of the pay period in which such wages were earned, and by failing to pay all compensation owed to Howard and Johnson at the time of separation. [1] ¶¶ 64–73. While their motion for summary judgment mentions the Illinois Wage Payment and Collection Act by name, it presents no evidence pertaining to the timing or amount of any compensation Howard or Johnson received, so they have failed to establish that they are entitled to judgment as a matter of law. To the extent their motion asks for summary judgment on their claim for violations of the Illinois Wage Payment and Collection Act, the motion is denied.

### C. Overtime

Plaintiffs argue that Tate violated the maximum hours provision of the Fair Labor Standards Act, 29 U.S.C. § 207, and the overtime compensation provision of the Illinois Minimum Wage Law, 820 ILCS 105/4a(1), by not paying them an overtime premium for hours over 40 worked in a week. [17] ¶ 4. The state overtime provision

---

[2] The Illinois Wage Payment and Collection Act does not have a minimum wage provision.

is parallel to its federal counterpart, and "Illinois courts apply the same principles …
to the state provision." *Urnikis-Negro v. Am. Fam. Prop. Services*, 616 F.3d 665, 672
n.3 (7th Cir. 2010).

Under the Fair Labor Standards Act, no employer may employ any employee
"for a workweek longer than forty hours unless such employee receives compensation
for his employment in excess of [40 hours] at a rate not less than one and one-half
times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1).[3] To prevail on
their motion for summary judgment, plaintiffs need to prove that they were
"employees" within the meaning of the Act, and that they performed work for which
they were improperly compensated. *See Melton v. Tippecanoe Cnty.*, 838 F.3d 814,
818 (7th Cir. 2016).

The Act defines "employee" circularly: an "employee" is "any individual
employed by an employer," an "employer" is "any person acting directly or indirectly
in the interest of an employer in relation to an employee," and "employ" is simply
defined as "to suffer or permit to work." 29 U.S.C. § 203. These terms are
intentionally broad, as "Congress designed the FLSA to reshape the economy to avoid
the economic and social ills caused by low pay and long hours for workers." *Brant v.
Schneider Natl., Inc.*, 43 F.4th 656, 665 (7th Cir. 2022); *see also United States v.*

---

[3] The maximum hours provision only applies to employees "engaged in commerce or in the
production of goods for commerce" or "employed in an enterprise engaged in commerce or in
the production of goods for commerce." 29 U.S.C. § 207(a)(1). While the parties dispute
whether Howard and Johnson were "employees," there is no dispute that Tate Legacy was
an "enterprise engaged in commerce or in the production of goods for commerce" under the
statutory definition. *See* 29 U.S.C. § 203(s)(1).

*Rosenwasser*, 323 U.S. 360, 362 (1945) ("A broader or more comprehensive coverage of employees within the stated categories would be difficult to frame.").

"The conclusion of whether an individual qualifies as an employee under the Act requires an examination of the totality of the circumstances, with the ultimate goal of determining the 'economic reality of the working relationship.'" *Simpkins v. DuPage Hous. Auth.*, 893 F.3d 962, 964 (7th Cir. 2018) (citing *Vanskike v. Peters*, 974 F.2d 806, 808 (7th Cir. 1992). To determine whether economic reality indicates a worker is an employee, I consider six factors:

> 1) the nature and degree of the alleged employer's control as to the manner in which the work is to be performed;
>
> 2) the alleged employee's opportunity for profit or loss depending upon his managerial skill;
>
> 3) the alleged employee's investment in equipment or materials required for his task, or his employment of workers;
>
> 4) whether the service rendered requires a special skill;
>
> 5) the degree of permanency and duration of the working relationship;
>
> 6) the extent to which the service rendered is an integral part of the alleged employer's business.

*Sec. of Lab., U.S. Dept. of Lab. v. Lauritzen*, 835 F.2d 1529, 1534–35 (7th Cir. 1987). Those six factors control—not the parties' characterization of the relationship in any contract. *Brant v. Schneider Natl., Inc.*, 43 F.4th at 665. "No single factor is necessarily controlling," however, "the ultimate conclusion on employee status is made by examining the totality of the circumstances." *Id.*

Here, all six factors weigh in favor of employee status. Tate controlled the hours and manner in which Howard and Johnson completed their work. [20] ¶ 5.

Howard and Johnson did not invest in the business, nor could they earn profits or suffer losses through their own independent efforts and decision-making. [20] ¶ 9. Their job responsibilities did not require special skills to perform. [20] ¶ 6. They were hired for ongoing work through tax season with no specific end date. [20] ¶ 10. And the services Howard and Johnson rendered—preparing tax documents—were integral to Tate's business—tax preparation. [20] ¶ 1. I conclude that, as a matter of economic reality, Howard and Johnson were Tate's employees.[4]

Plaintiffs have also proven that they were improperly compensated. Howard and Tate both worked "well over 40 hours per week during their average workweek," and Tate never paid them an overtime premium for the hours over 40 that plaintiffs worked in a workweek. [20] ¶¶ 13–15. Plaintiffs have established a prima facie case for violations of federal and state overtime provisions.

### D.    Statute of Limitations

Plaintiffs' entitlement to judgment as a matter of law on Tate's liability for failure to pay an overtime premium depends on the applicable statutes of limitations. The statute of limitations is an affirmative defense, Tate raised the defense in her answer, [5] at 6, and she bears the burden of proving it. That burden is met, however, where "the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense, such as when a complaint plainly reveals that an action is

---

[4] Tate, as the owner, operator, and direct controller of the day-to-day business operations of Tate Legacy, is jointly and severally liable for Tate Legacy's FLSA violations. *See Solis v. Intern. Detective & Protective Serv., Ltd.*, 819 F.Supp.2d 740, 748–49 (N.D. Ill. 2011) (collecting sources).

untimely under the governing statute of limitations." *United States. v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005).

Claims under the Fair Labor Standards Act are subject to a two-year statute of limitations, unless the claim arises out of a willful violation, in which case the statute of limitations is extended to three years. 29 U.S.C. § 255. Plaintiffs bear "the burden of showing that the defendants' conduct was willful for purposes of the statute of limitations." *Bankston v. State of Ill.*, 60 F.3d 1249, 1253 (7th Cir. 1995). Plaintiffs have provided no evidence to support a finding that Tate willfully violated the Act, so I apply a two-year statute of limitations for the FLSA violations against her. The corresponding statute of limitations under the Illinois Minimum Wage Law is three years. 820 ILCS 105/12.

The complaint in this case was filed in August 2024, two years and four months after Howard was fired by Tate, and more than four years after Johnson voluntarily left Tate Legacy. In their complaint—but nowhere in their motion for summary judgment—plaintiffs request the application of equitable tolling. [1] ¶ 2. Without equitable tolling going back to the filing date of the first complaint (May 2022), both plaintiffs' federal claims are barred, but Howard's state-law claims survive. Application of equitable tolling, however, would save Howard's federal claim and Johnson's state-law claims.

Equitable tolling "is an extraordinary remedy, and the burden is on the party seeking its application to demonstrate that it is warranted." *Dent v. Charles Schwab & Co., Inc.*, 121 F.4th 1352, 1353 (7th Cir. 2024). A litigant "is 'entitled to equitable

tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

If the allegations in the complaint are true—that Tate entered into the prior settlement agreement[5] fraudulently and has since repudiated the agreement— equitable tolling would be appropriate. Since filing their complaint, however, Howard and Tate have provided no evidence of Tate's failure to abide by the settlement agreement, or proof that she has repudiated the agreement. Plaintiffs did not file a claim for breach of contract alleging a breach of the settlement agreement. *See Howard et al. v. Tate et al.*, Case No. 22-cv-02817, Dkt. No. [85-1] at ¶ 11 (N.D. Ill. 2024) (any action to enforce the settlement shall be brought in state or federal court in Illinois). Unless plaintiffs provide evidence to support their request for equitable tolling, I will enter judgment in Tate's favor on all federal claims, as well as Johnson's state-law claims.

### E.    Damages

Plaintiffs' request for relief is deficient in its failure to establish the amount and extent of their damages. *Brown v. Fam. Dollar Stores of IN, LP*, 534 F.3d 593, 595 (7th Cir. 2008) ("once a plaintiff establishes a violation of the FLSA, the plaintiff must establish damages"). Where, as here, "an employer failed to keep the proper and

---

[5] I take judicial notice of the existence of the agreement as it appears executed in *Howard et al. v. Tate et al.*, 22-cv-02817, Dkt. No. [85-1] (N.D. Ill. 2024).

accurate records required by the FLSA, the employer rather than the employee should bear the consequences of that failure." *Id.* Accordingly, plaintiffs only need to prove their damages by "a just and reasonable inference." *Id.*

"The just and reasonable inference standard is a relaxed one." *Osborn v. JAB Mgt. Services, Inc.*, 126 F.4th 1250, 1261 (7th Cir. 2025). For example, an employee can prove damages "by relying on her own recollection," by "approximat[ing] the extent of her overtime 'from the particulars of the jobs she did,'" or by "point[ing] to "'triggering factors" that would signal extended work hours.'" *Id.* (citing *Melton*, 838 F.3d at 819; then *Espenscheid v. DirectSat USA, LLC*, 705 F.3d 770, 775 (7th Cir. 2013); then *Brown*, 534 F.3d at 597) (cleaned up).

While it is a relaxed burden of proof, the just and reasonable inference standard is still a burden that remains with the plaintiffs. *Id.* At summary judgment, "an employee must at least have 'a reasonably reliable story.'" *Id.* (citing *Melton*, 838 F.3d at 819). An employee cannot "prove the amount and extent of her uncompensated overtime based on "unsupported ipse dixit," nor "can her version of events be "so internally inconsistent or implausible on its face that 'no reasonable person would believe it.'" *Id.* (citing *Melton*, 838 F.3d at 819).

The evidence presented is inconsistent as to the number of hours plaintiffs worked. While both Howard and Johnson testified that they worked "Monday though Sunday," arriving at 8:00 a.m. and working until 6:00 p.m., [20] ¶ 13, neither claims to have worked 70 hours per week, [20] ¶ 14. Despite claiming to have arrived and departed at the same time every day, Howard and Johnson do not claim to have

worked the same number of hours. *Contrast* [17-1] ¶ 19 (Howard declaring she worked 60 hours per week) *with* [17-2] ¶ 19 (Johnson declaring she worked 50 hours per week). Drawing all reasonable inferences in favor of the non-movant, plaintiffs have not established that there is no genuine dispute surrounding how many hours they worked—their own testimony is contradictory.

Moreover, plaintiffs have failed to provide any evidence establishing what their "regular rate" was for the purposes of overtime pay. *See* 29 U.S.C. § 207 (overtime pay must be at least "one and one-half times the regular rate" at which the employee is compensated). Plaintiffs were paid on a piece-rate basis, so their "regular hourly rate of pay is computed by adding together total earnings for the workweek from piece rates" and dividing that sum by the number of hours worked in the week. 29 C.F.R. § 778.111.

Granted, because Tate failed to keep any records, the week-by-week precision impliedly required by federal regulations may be impossible. But plaintiffs failed to provide *any* information on how much they were compensated while working for Tate. Plaintiffs have also not provided any evidence establishing what, if any, state or local minimum wage laws may apply here. Without further evidence, I cannot determine whether the "regular rate" is the federal minimum wage, the Illinois minimum wage, the Chicago minimum wage, or the quotient of the weekly piece-rate sum divided by the hours worked.

## IV.  Conclusion

Plaintiffs' motion for summary judgment, [17], is granted in part and denied in part. Plaintiffs were Tate's employees under both federal and Illinois law. Tate is

liable to Howard for any damages resulting from Tate's violations of 820 ILCS 105/4a that are proven up at trial. All other relief requested by the motion is denied.

ENTER:

Manish S. Shah
United States District Judge

Date: September 16, 2025